## STATE *vs.* JEREMIAH HARRIGAN.

*Criminal Law—Assault and Battery- -Wife-Beating ; A Single Blow Sufficient—Statute.*

1.  In the trial of a husband under the statute for beating his wife, the jury, to convict, must be satisfied from the evidence that the defendant is the husband of the woman alleged to be his wife, and that he did assault and beat her.

2.  The jury may find the defendant guilty even though they believe from the evidence that he struck his wife only a single unlawful blow. They should consider, however, the character of the blow, and whether it comes up to the measure of beating.

3.  An assault is an unlawful attempt to do violence to the person of another, and a battery is the actual accomplishment of such attempt. No mere words, however opprobrious or vexatious they may be, will justify even an assault, much less a battery. Where one is assaulted it is his first duty to get out of the way. If he cannot reasonably do so he may use just so much force as is necessary to stay the act of violence against him, or to protect his life or his person from injury. If he uses more force than is neeessary for the purpose he is himself guilty of an unlawful assault.

(*November 20, 1902.*)

JUDGES SPRUANCE and GRUBB, sitting.

*Robert H. Richards,* Deputy Attorney-General, for the State.

*Daniel O. Hastings,* for the defendant.

Court of General Sessions, New Castle County, November Term, 1902.

INDICTMENT FOR WIFE-BEATING.

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—Jeremiah Harrigan stands indicted under a statute passed by the Legislature of this State on February 22, 1901, the material part of which is :

" That if any person, being the husband of any woman, shall

9

assault and strike or beat his wife, he shall be deemed guilty of a misdemeanor."

The charge in this indictment is "That Jeremiah Harrigan, being then and there the husband of a certain woman, to wit, Elizabeth Harrigan, did then and there assault and beat her, the said Elizabeth Harrigan, she, the said Elizabeth Harrigan, being then and there the wife of the said Jeremiah Harrigan."

You will notice that this offense is not an ordinary case of assault and battery. It is a statutory offense, and to convict, you must be satisfied from the evidence that this man is the husband of the woman who is alleged to be his wife, and that he did assault and beat her.

The counsel for the defendant has asked us to say to you that if you are satisfied from the evidence, that Jeremiah Harrigan struck his wife but a single blow, that you cannot convict him under this indictment.

We cannot so instruct you. You have heard the evidence and you may find him guilty, if you find from the evidence that he struck her only a single unlawful blow. Of course you are to consider the character of the blow and whether it comes up to the measure of beating.

As you have often been told, an assault is an unlawful attempt to do violence to the person of another, and a battery is the actual accomplishment of such an attempt. No mere words, however opprobrious or vexatious they may be, will justify even an assault, much less a battery. Where one is assaulted, it is his first duty to get out of the way. If he cannot reasonably do so, he may use just so much force as is necessary to stay the act of violence against him, or to protect his life or his person from injury. If he uses more force than is necessary for the purpose he is himself guilty of an unlawful assault.

If you find that Jeremiah Harrigan did assault and beat his wife, it is your duty to find a verdict of guilty. If, on the con-

trary, upon all the evidence, you are not so satisfied, you are bound to find a verdict of not guilty.

Verdict, guilty.